IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELEANOR CATHERINE CLIFFORD,

                              Plaintiff,                    OPINION AND ORDER

          v.
                                                           11-cv-798-bbc
CAROLYN COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

---

          This is an application for judicial review of a final decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g).  Plaintiff Eleanor Catherine Clifford challenges the commissioner's determination that she was not continuously under a disability from the age of 22 and therefore was not entitled to childhood disability benefits under the earnings record of her deceased father, Philip Clifford.   The commissioner determined after a hearing that plaintiff did not meet the continuous disability requirement for receipt of childhood benefits because she had performed substantial gainful work between her 22nd birthday and the date she applied for childhood benefits in August 2008. Having reviewed the administrative record, the administrative law judge's decision and the parties' submissions, I find that substantial evidence supports the administrative law judge's conclusion.  Accordingly, the decision of the commissioner will be affirmed.

          The following facts are drawn from the administrative record (AR) filed with the court.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born on November 9, 1958.  On or about June 15, 2006, when she was approaching 50 years old, plaintiff filed an application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, respectively, alleging that she had been disabled since May 1, 2005.  After a hearing, an administrative law judge issued a fully favorable decision on December 17, 2007, finding plaintiff disabled since May 1, 2005 and authorizing the payment of benefits.

Plaintiff then applied for child's insurance benefits under Section 202(d) of the Social Security Act under the earnings record of her father, Philip Clifford, who died in 1983.  42 U.S.C. § 402(d)(1).  Under the child's benefits provisions of the Social Security Act, the law grants benefits to "[e]very child of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual."  42 U.S.C. § 402(d)(1).  To be eligible for benefits the child must file an application, be unmarried, be dependent on the wage earner and be either younger than eighteen years old, younger than nineteen years old and a full-time student, or be "under a disability (as defined in section 423(d) of this title) which began before he attained the age of 22 . . . ."  Id.  See also 20 C.F.R. § 404.350 (setting forth identical requirements).   To satisfy the disability requirement, the disability must have existed on the claimant's 22nd birthday and must have continued through the date of her application for benefits.  Kidda v. Director, Office of Workers' Comp. Programs, 769 F.2d 165, 167 (3d Cir. 1985); Anderson v. Heckler, 726

F.2d 455, 456 (8th Cir. 1984); Parish v. Califano, 642 F.2d 188, 189 (6th Cir. 1981); Reading v. Mathews, 542 F.2d 993, 997 (7th Cir. 1976); Futernick v. Richardson, 484 F.2d 647, 648 (6th Cir. 1973); SSR 85–5c2; see also POMS DI 11020.050(SSA)3, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0411020050 (directing SSA field offices to deny child's disability benefits without a disability determination when the claimant cannot establish an onset date "prior to age 22 because [substantial gainful activity] was performed after age 22.")

Plaintiff's application for child's insurance benefits was eventually heard by an administrative law judge, who found that plaintiff was not entitled to child's insurance benefits because she had engaged in substantial gainful work activity after her 22nd birthday and therefore had not been under a disability continuously up to the time of her application for childhood benefits.

After exhausting her administrative remedies, plaintiff filed a lawsuit against the Social Security Administration in the United States Court of Federal Claims, asserting claims of genocide, attempted genocide, intent to torture, criminal conspiracy and improper denial of Social Security entitlements. Clifford v. United States, Case no. 10-774-C (U.S. Ct. Fed. Cl.). In an order entered November 8, 2011, that court dismissed some of plaintiff's claims for lack of jurisdiction, but transferred her Social Security benefit claim to this court. Op. and Order, Nov. 8, 2011, dkt. #2, exh. 1.

On April 4, 2012, the commissioner filed a motion to remand the case under sentence six of § 405(g), on the ground that the claim file containing the administrative law judge's May 2009 decision could not be located.  I granted the motion and remanded the case on May 3, 2012.  Dkt. # 16.

On February 14, 2013, plaintiff had a new hearing before a different administrative law judge.  (In what appears to be a coincidence, this administrative law judge was the same judge who had granted plaintiff's application for disability insurance benefits and supplemental security income in 2007.)  Plaintiff appeared without a lawyer.  The administrative law judge explained that plaintiff's earning record showed that in 2004 she had earned $9,785, an amount considered at that time by the social security administration to constitute substantial gainful activity.  AR 299.  Plaintiff acknowledged that she had worked in early 2004 at a dollar store and then at a Microtel Inn from March to September, working about 24 hours a week.  After that, she worked as a front desk clerk at the Oasis hotel.  AR 300-304.

During the hearing, plaintiff asserted that she wanted to withdraw her application and re-file it under her mother's earnings record.  The administrative law judge explained that the qualifications for childhood benefits would be the same no matter whether she sought benefits under her father's or mother's earnings record.  Plaintiff also questioned whether there would need to be a redetermination of her SSDI benefits.  The administrative

law judge explained that nothing he was deciding would affect the benefits she was currently receiving under the December 2007 decision finding her disabled as of May 1, 2005.

On March 8, 2013, the administrative law judge issued a decision finding that plaintiff had engaged in substantial gainful work activity after the age of 22 and therefore could not meet the continuous disability requirement necessary to support an award of childhood benefits. The Appeals Council denied plaintiff's request for review of that decision, making the administrative law judge's decision the final decision of the commissioner for purposes of judicial review.


OPINION

The Social Security Act authorizes judicial review of the final decision of the commissioner and requires acceptance of the commissioner's factual findings as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). When reviewing the final decision, a court considers the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility or substitute its judgment for that of the commissioner. Boiles v. Barnhart, 395 F.3d 421, 425 (7th Cir. 2005); Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000); Butera v. Apfel, 173 F.3d 1049, 1055 (7th Cir. 1999).

Plaintiff's brief, dkt. #28, includes a list of 37 counts or accusations, none of which refer to her application for childhood disability benefits or the administrative law judge's

decision denying that application.  Plaintiff mentions having suffered vaccine-related injuries and accuses a hospital in Janesville, Wisconsin of having engaged in "outrageous medical acts," but it is unclear what these general allegations against other entities have to do with her application for childhood disability benefits.  She also accuses the Social Security Administration of various acts of wrongdoing, including the intentional concealment of documents, misinformation about her rights and denial of her right to due process.  Again, however, she provides few details and does not explain how these alleged acts led to an erroneous finding that she had engaged in substantial gainful work activity in 2004.  In fact, plaintiff does not appear to dispute that finding.

I surmise that plaintiff may be attempting to re-assert claims that she has been unsuccessful in raising in earlier lawsuits.  Insofar as plaintiff accuses the Mercy Health System of medical malpractice, I dismissed those claims for lack of jurisdiction in case no. 11-cv-548-bbc, without prejudice to her raising them in state court.  As for her allegations of fraud and other criminal acts against the social security administration, those claims were dismissed for lack of jurisdiction by the United States Court of Federal Claims.  Op. and Order, case no. 11-774C, Nov. 8, 2011, dkt. #1, exh. 2.  Under that court's transfer order, the only issue in this lawsuit is whether the agency properly denied plaintiff's application for childhood disability benefits under her father's earning record.

Having carefully read both of plaintiff's briefs in opposition to the commissioner's decision, I am able to discern only two arguments that appear to bear on the administrative

6

law judge's determination that plaintiff is not entitled to children's disability benefits. First, plaintiff asserts that the administrative law judge failed to acknowledge her "mis-information application," a term I understand plaintiff to use to refer to her attempt to have her application re-filed under her mother's earnings record. As the administrative law judge explained in his decision, however, the identity of the wage earner is irrelevant to plaintiff's application. The only issue raised by that application is whether plaintiff engaged in substantial gainful activity between the date she turned 22 and the date she applied for benefits, a fact that would not have changed whether she applied for benefits under her mother's or her father's earnings record.

Second, plaintiff appears to argue that her children's benefits should have been reinstated after she stopped performing substantial gainful work. In support, she cites Section DI 13050.050 from the Social Security Administrations Program Operations Manual System (POMS). However, that section has to do with reinstatement of benefits under Title XVI of the Social Security Act, which is the section that authorizes supplemental security income benefits. There is no evidence that defendant ever discontinued the benefits awarded plaintiff under that section. Plaintiff may be arguing that she is eligible for re-entitlement of childhood disability benefits under 20 C.F.R. § 404.351, but as the administrative law judge explained, the re-entitlement rules apply only if the applicant was previously found entitled to childhood disability benefits. AR 42. Plaintiff's application for childhood disability benefits was her first such application. Therefore, she was required to

demonstrate continuous, permanent disability between the age of 22 and the date of her application.  <u>Guerrero v. Astrue</u>, 2010 WL 2490290, at *3 (S.D. Tex. June 14, 2010) ("A re-entitlement applicant is different from a first time adult applicant because the first time applicant must demonstrate continuous, permanent disability prior to the age of 22.") (citing 42 U.S.C. § 402(d)(1)(B)).

As previously noted, plaintiff has no evidence or argument calling into question the administrative law judge's conclusion that she engaged in substantial gainful activity during part of 2004.  Accordingly, because substantial evidence in the record supports the conclusion that plaintiff was not under a disability continuously from age 22 to her application date, the commissioner's decision must be affirmed.


ORDER

IT IS ORDERED that the decision of the commissioner denying plaintiff Eleanor Clifford's application for childhood disability benefits is AFFIRMED.  The clerk is directed to enter judgment for defendant Carolyn Colvin, Acting Commissioner of Social Security and close this case.

Entered this 25th day of September, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge


8